# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PATRICK SEAN O'NEIL, | ) Case No. 1:23-cv-00660 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) Jonathan D. Greenberg |
| LAKE COUNTY JAIL, *et al.*, | ) |
| Defendants. | ) |

## ORDER

In this *pro se* prisoner civil rights suit, the Magistrate Judge recommends that the Court dismiss this action without prejudice for failure timely to return summonses for each Defendant by August 30, 2023, resulting in a failure to effect service.

## BACKGROUND

On March 29, 2023, Plaintiff Patrick Sean O'Neil filed this action bringing a claim under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment right to medical attention. (*See generally* ECF No. 1.) The events leading to the lawsuit occurred in April 2022. (*Id.*, PageID #8.) On May 22, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5.) By May 24, 2023, Plaintiff filed some of the necessary forms for service by the United States Marshals Service but failed to file summonses for the four Defendants. (ECF No. 6, PageID #61.) The Magistrate Judge ordered that Plaintiff complete and file the summons for each Defendant on or before June 27, 2023. (*Id.*)

By July 27, 2023, Plaintiff still had not returned summonses to the Court. (*See* ECF No. 7, PageID #62.) An individual purporting to be Plaintiff's relative contacted the Magistrate Judge's chambers representing that Plaintiff sent a filing to the Court. (*Id.*) But neither the Clerk of Court nor chambers received any filing. (*Id.*) The Magistrate Judge extended the deadline to file the summonses to August 30, 2023 and warned that "[f]ailure to file the summonses by this date shall result in a recommendation that this case be dismissed." (*Id.*) Following Plaintiff's failure to file the summonses, the Magistrate Judge filed a Report and Recommendation recommending dismissal of this case. (ECF No. 8, PageID #63–64.)

As of the date of this Order Plaintiff has still not filed the required summonses. Nor has he objected to the Magistrate Judge's Report and Recommendation despite being advised of the consequences of failing to do so. (*Id.*, PageID #64.)

## DISCUSSION

### I.      Dismissal under Fed. R. Civ. P. 4(m)

The Court may raise the issue of ineffective service of process *sua sponte*. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 n.4 (6th Cir. 1991). The requirement of proper service is not some "mindless technicality," nor is it meant to be an obstacle course for plaintiffs. *Id.* at 1156. "[W]ithout proper service of process . . . a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 350, 655 (6th Cir. 2012). And a federal court is "powerless" to adjudicate a case without personal jurisdiction over the parties. *Id.* (citation omitted).

2

Rule 4 sets forth the requirements for proper service of process—including that the plaintiff is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that, if a defendant is not served within 90 days of filing the complaint, the court "*must dismiss* the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Absent a showing of good cause for a failure to effect service within this time, the Court retains discretion to extend the deadline for service. *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Factors the Court considers when deciding to grant a discretionary extension of time include whether the extension would be "well beyond" the time of service, the prejudice to either party (including whether the plaintiff's action would be time-barred), good faith efforts by the plaintiff to effect proper service, and whether the plaintiff is pro se. *See id.* at 569.

Plaintiff has provided no good cause explanation for why he has failed to comply with the Court's order. This case has been pending for more than seven months without service of process—far beyond the 90 days that Rule 4(m) permits. There is no indication that a further extension would unduly prejudice Defendants. But there is also no indication that Plaintiff would be substantially prejudiced if his action is dismissed—his Section 1983 action would not be time-barred. *See Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (noting the two-year limitations period for Section 1983 claims brought in Ohio).

While Plaintiff is *pro se*, he is also proceeding *in forma pauperis*, which provides him additional resources to help effect service. For plaintiffs pursuing their action *in forma pauperis*, federal law requires that the Court appoint the United States Marshal to "effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219–20 (6th Cir. 1996) (mandating the district court's compliance with Fed. R. Civ. P. 4(c)(2) and 28 U.S.C. § 1915(c) to use the United States Marshals Service for service of process for litigants proceeding in forma pauperis). But even with this assistance, the plaintiff still bears the burden of exercising reasonable diligence in perfecting service of process. *Id.* at 219. To do so, a plaintiff must first provide the court with all documentation (including the summonses and complaint) needed to effect service. *See* Rule 4(c)(1); *Vaughn v. Saul*, No. 1:18-cv-78, 2020 WL 707598, (E.D. Tenn. Feb. 18, 2020) (dismissing a plaintiff's *pro se* complaint for failing to prepare the necessary documents for the United States Marshals Service to effect service).

The Magistrate Judge provided Plaintiff with the necessary instructions to allow the United States Marshals Service to effect service. Even with multiple extensions, Plaintiff has failed to file the required summonses or take any discernible step to summon any Defendant. Moreover, Plaintiff had notice that failure to comply with the Court's order could result in dismissal of his case. After reviewing the record, the Magistrate Judge's recommendation, and the discretionary factors for

extension, the Court finds no reason to extend further the deadline for service. Therefore, the plain language of Rule 4(m) requires that the Court dismiss the case without prejudice. *See* Fed. R. Civ. P. 4(m).

## II. Objections to the Report and Recommendation

The Report and Recommendation advised Plaintiff that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (*See* ECF No. 28, PageID #155–56.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified that failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference

5

matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing the required summonses and objections to the Report and Recommendation have passed. Plaintiff has not provided a legitimate reason why he failed to do so, leading the Court to conclude that dismissal is the correct disposition of his case. While federal courts afford *pro se* litigants some leniency, where such a litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Here, because Plaintiff has not filed the required summonses or any objections, despite ample time to do so, the appropriate disposition is dismissal without prejudice.

## CONCLUSION

On the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 8) and **DISMISSES** the action **WITHOUT PREJUDICE**.

**SO ORDERED**.

Dated: November 21, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

6